[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16530
Non-Argument Calendar

_____

D. C. Docket No. 05-00456-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ENRIQUE BERDUGO-CASTRO,
a.k.a. Enrique Berdugo-Castro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 21, 2007)

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Carlos Enrique Berdugo-Castro appeals his 135-month sentence for

possession with intent to distribute 5 kilograms or more of cocaine while aboard a

vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a) and (g), 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of § 1903(a), (g), and (j), § 960(b)(1)(B)(ii). Berdugo-Castro was one of 8 crew members of a small vessel transporting approximately 1,200 kilograms of cocaine. On appeal, he argues that the district court erred by denying him a mitigating-role reduction at sentencing, pursuant to U.S.S.G. § 3B1.2, to reflect his minimal or minor role in the offense.

A district court's determination of a defendant's role in an offense constitutes a factual finding to be reviewed only for clear error, and the defendant bears the burden of proof. United States v. De Varon, 175 F.3d 930, 937, 939 (11th Cir. 1999). The guidelines provide for a two-level reduction for a minor participant, which is defined as a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. (n.5). To determine whether a minor-role reduction applies, a district court first should measure the defendant's role against the relevant conduct for which the defendant has been held accountable. De Varon, 175 F.3d at 940-41. The district court may also measure the defendant's culpability in comparison to that of other

2

participants in the relevant conduct. Id. at 944-45. In doing so, the district court should look only to other participants who are identifiable or discernable from the evidence, who are involved in the conduct attributed to the defendant. Id. at 944.

In this case, Berdugo-Castro and 7 other crew members knowingly helped transport 1,2000 kilograms of cocaine—a substantial amount of drugs—on board a vessel, and he was held accountable for this conduct. Further, he did not present any evidence to indicate that his conduct was less culpable than that of the other crew members. Berdugo-Castro's role in the offense was identical to his relevant conduct, and he failed to show that he was less culpable than other identifiable participants in the offense. Accordingly, we cannot conclude that the district court clearly erred in finding that Berdugo-Castro did not qualify for a mitigating-role reduction.

**AFFIRMED.**